1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD E. MACALUSO,<br><br>                              Plaintiff,<br>     vs.<br>ANGELA M. DAVENPORT,<br><br>                              Defendant. | CASE NO. 11cv118-WQH-MDD<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Motion for a Stay of Civil Proceedings Due to Parallel Federal and/or State Investigations ("Motion for Stay"). (ECF No. 13).

BACKGROUND

On January 20, 2011, Plaintiff initiated this action by filing a Complaint in this Court. (ECF No. 1). Plaintiff alleges that Defendant, his former spouse, intercepted Plaintiff's e-mails sent to third parties. Plaintiff alleges claims for violations of the Wiretap Act, 18 U.S.C. § 2511, the Stored Communications Act, 18 U.S.C. § 2701, the California Electronic Surveillance Law, Penal Code § 632, and California common law right to privacy.

On March 25, 2011, Defendant filed the Motion for Stay, requesting that the Court grant a stay of this civil action "until there is a real representation made to this Defendant that criminal proceedings will not be commenced or filed, or until the customary criminal statute of limitations expires." (ECF No. 13-1 at 6-7). Attached to the Motion to Stay is a declaration from Defendant indicating that Plaintiff has repeatedly "threatened criminal investigation into

1    the allegations that are mirrored in the complaint." (ECF No. 13-2 at 1).  Defendant attaches

2    communications from Plaintiff indicating that Plaintiff planned to "fil[e] a complaint with the

3    district attorney" and that "this is under investigation by the FBI."  (ECF No. 13-3 at 2, 10).

4    Defendant contends that "simultaneous prosecution of legally and factually identical civil and

5    criminal actions place a substantial burden on the ... Defendant's Fifth Amendment right to

6    remain silent." (ECF No. 13-1 at 5).  Defendant contends: "[Defendant] would be forced to

7    hire two different legal counsels working at the same time, on the same track.  The amount of

8    monies toward a legal defense on both fronts would be unduly and unfairly burdensome on her

9    on what amounts to nothing more than a post-breakup squabble..." *Id.*

10       On April 18, 2011, Plaintiff filed an opposition to the Motion for Stay.  (ECF No. 17).

11   Attached to the opposition is a declaration from Plaintiff, which states: "On March 16, 2011,

12   I decided after time to reflect that I would prefer the matter to be resolved by this civil case,

13   and called the FBI local office to rescind my complaint.  They agreed and said they would be

14   closing the case." (ECF No. 17-1 at 2).  Plaintiff contends that "there is no criminal

15   investigation, let alone indictment occurring here," and "[q]uite simply there is no parallel

16   proceeding to concern us here, and therefore no reason to order a stay based on something that

17   does not exist." (ECF No. 17 at 3-4).  Plaintiff contends that if a stay is granted, his "right to

18   justice in a timely fashion" would be prejudiced and there is a "potential for spoliation of

19   evidence." *Id*. at 8.

20       On April 25, 2011, Defendant filed a reply in support of the Motion for Stay.  (ECF No.

21   18).  Defendant contends that Plaintiff "does not, and cannot, dictate the terms of FBI

22   investigations or any law enforcement matters." *Id*. at 2.  Defendant filed a Motion to Strike

23   Plaintiff's declaration, contending that portions of the declaration are "self-serving, improper,

24   speculative, without foundation, conclusory, and constitute inadmissible hearsay." (ECF No.

25   19 at 2).

26                                DISCUSSION

27       "While a district court may stay civil proceedings pending the outcome of parallel

28   criminal proceedings, such action is not required by the Constitution." *Fed. Sav. & Loan Ins.*

*Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989) (citations omitted).  "[A] court may decide in its discretion to stay civil proceedings when the interests of justice seem to require such action."  *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (quotation omitted).  "In the absence of substantial prejudice to the rights of the parties involved, simultaneous parallel civil and criminal proceedings are unobjectionable under our jurisprudence."  *Id*. (quotation omitted).

"A court must decide whether to stay civil proceedings in the face of parallel criminal proceedings in light of the particular circumstances and competing interests involved in the case."  *Molinaro*, 889 F.2d at 902 (citation omitted).  "Obviously a court should consider the extent to which the defendant's Fifth Amendment rights are implicated."  *Id*. (citation omitted).  Other factors a court should consider "will vary according to the case," but generally will include the following:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Id*. at 903 (quotation omitted).  "The case for staying civil proceedings is a far weaker one when no indictment has been returned, and no Fifth Amendment privilege is threatened."  *Id*. (quotations omitted).

The parties agree that no indictment has been returned against Defendant in this matter. There is no evidence in Defendant's declaration and the attached exhibits that any law enforcement agent has interviewed Defendant, or anyone other than Plaintiff, regarding the allegations in the Complaint.  The latest exhibit attached to Defendant's March 25, 2011 declaration is dated January 13, 2011.  The Court has not been presented with evidence that there is a current, ongoing law enforcement investigation which has a reasonable likelihood on resulting in an indictment.  Defendant requests a stay lasting "until the customary criminal statute of limitations expires" (ECF No. 13-1 at 6-7) on Plaintiff's allegations, which include the interception of an e-mail sent on January 2, 2011.  The stay requested by Defendant is

1  potentially lengthy.  Given the lack of evidence of an ongoing criminal investigation or likely

2  indictment, the Court finds that any burden on Defendant's Fifth Amendment rights or

3  financial burden on Defendant is outweighed by the Plaintiff's interest in proceeding

4  expeditiously with this litigation and the Court's interest in the management of its cases.  The

5  Motion for Stay is denied without prejudice to renew the motion if relevant circumstances

6  change.  Particular issues relevant to protecting Defendant's Fifth Amendment rights during

7  discovery may be raised before the Magistrate Judge.

8                                    CONCLUSION

9        IT IS HEREBY ORDERED that the Motion for a Stay of Civil Proceedings Due to

10  Parallel Federal and/or State Investigations is DENIED without prejudice.  (ECF No. 13).  The

11  Motion to Strike Plaintiff's declaration is DENIED as moot.  (ECF No. 19).

12  DATED:  May 23, 2011

13

14                              **WILLIAM Q. HAYES**
                               United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28